UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELOY MASCORRO,<br>Plaintiff,<br>v.<br>OLEGARIO GARCIA, KAITLYNN NORIE, SADIQ AL-MOSAWI, REYNALDO VELAZQUEZ, MARC VARGAS, and ROWDY PAUU,<br>Defendants. | Case No.: 25-CV-2172 JLS (GC)<br>**ORDER RE MOTION TO CLARIFY**<br>(ECF No. 19) |

Presently before the Court is Plaintiff Eloy Mascorro's Motion to Clarify ("Mot.," ECF No. 19). "A 'motion for clarification' is not a formal creature of civil procedure; it appears nowhere in the Federal Rules. Nevertheless, federal courts permit parties to tender motions that beseech the court 'to explain or clarify something ambiguous or vague' about a ruling, but not to 'alter or amend' it." *All. of Artists & Recording Cos., Inc. v. Gen. Motors Co.*, 306 F. Supp. 3d 413, 418 (D.D.C. 2016) (citations omitted); *see also In re Fontem US, Inc. Consumer Class Action Litig.*, No. SACV 15-01026 JVS (RAOx), 2017 WL 10402988, at *2 (C.D. Cal. Mar. 8, 2017) (citing *Bordallo v. Reyes*, 763 F.2d 1098, 1101-02 (9th Cir. 1985)).

Here, the Court need not clarify the Order ("Order," ECF No. 18) because the Court finds it was neither vague nor ambiguous. The Court considered all allegations contained in the FAC and as noted in its Order, considered those allegations to be true. Even though the Court presumed allegations in Plaintiff's FAC as true, "dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged." *UMG Recordings, Inc. v. Shelter Cap. Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). Furthermore, the Court applied the appropriate legal standards as to Plaintiff's claims. For instance, as stated in its Order, claims under Section 1983 were evaluated applying federal and constitutional legal standards.

Plaintiff is encouraged to read the thorough fifty-page Order carefully, including the authorities cited in the Order, to understand why certain claims were dismissed. The Court also notes that as of the last screening Order, the Court only dismissed without leave to amend Plaintiff's malicious prosecution claim and the claims alleged against Jane Doe 1. *Id.* at 47–48. This means that if Plaintiff chooses to amend, he could amend any of the other dismissed causes of action except for malicious prosecution[1] and intentional infliction of emotion distress and negligent infliction of emotion distress against Jane Doe 1. *Id.*

Plaintiff also states in his Motion that the U.S. Marshals have not conducted service. Mot. at 2. As the Court explained in its Order, Plaintiff is proceeding *in forma pauperis*; therefore, his Complaint must survive screening pursuant to 28 U.S.C. § 1915(e)(2) before service can be conducted. Order at 2–3. The Court most recently screened Plaintiff's FAC on July 16, 2026, and eleven claims survived screening. *Id.* at 49. As the Court explained in depth in the Order, Plaintiff now has the option to continue with these eleven claims

[1] As explained in the Court's first screening Order (ECF No. 4), Plaintiff's malicious prosecution claim was dismissed without leave to amend under both California law and Section 1983. Therefore, it was improper for Plaintiff to attempt to bring the claim again in the FAC, and in the most recent Order, the Court again noted to Plaintiff that this claim cannot continue.

against nearly all Defendants or further amend his Complaint. *Id.* If Plaintiff elects to continue with his many surviving claims, the Court will order the U.S. Marshals to conduct service. If Plaintiff elects to amend his Complaint again, the Court will have to conduct another round of screening, which will delay service of process until that screening can again be completed. The Court also cautioned Plaintiff that if he does decide to further amend his Complaint, any dismissals upon the next round of screening will be with prejudice and without leave to amend. *Id.* at 50.

Plaintiff has until **August 31, 2026**, to alert the Court of his decision. Plaintiff can either (1) choose to serve the eleven remaining claims (listed at page 49 of the Court's Order) or (2) further amend his Complaint. If Plaintiff chooses to serve, the U.S. Marshals will conduct service, and the case will move forward with his remaining claims. If Plaintiff chooses to further amend, the Court will need to conduct another round of screening—delaying service further.

Plaintiff also indicated in his Motion his intent to file a Rule 59(e) motion. Mot. at 2. **The Court cautions Plaintiff that his deadline to elect whether he will further amend or if he would like service to be conducted by the U.S. Marshals of his surviving claims will not be modified or extended due to the filing of a Rule 59(e) motion.** If Plaintiff fails to notify the Court of his decision by **August 31, 2026**, the Court will Order the U.S. Marshal to serve his surviving causes of action and any claims dismissed in the Court's Order (ECF No. 18) will be dismissed without leave to amend.

**IT IS SO ORDERED.**

Dated: August 6, 2026

Janis L. Sammartino
Hon. Janis L. Sammartino
United States District Judge