UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELOY MASCORRO,<br>Plaintiff,<br>v.<br>OLEGARIO GARCIA, KAITLYNN NORIE, SADIQ AL-MOSAWI, REYNALDO VELAZQUEZ, MARC VARGAS, and ROWDY PAUU,<br>Defendants. | Case No.: 25-CV-2172 JLS (GC)<br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br>(ECF No. 21) |

Presently before the Court is Plaintiff Eloy Mascorro's Rule 59(e) Motion to Alter or Amend Screening Order and Motion to Stay All Deadlines ("Mot.," ECF No. 21). Plaintiff seeks reconsideration of the Court's fifty-page screening Order ("Order," ECF No. 18) and requests a stay of all pending deadlines while the Motion is considered.

In the Southern District of California, a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part." S.D. Cal. CivLR 7.1(i)(1). The moving party must provide an affidavit setting forth, *inter alia*, "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon

such prior application." *Id.* "In resolving motions for reconsideration, courts often look to the standard for relief from final judgment set forth in Federal Rules of Civil Procedure 59(e) and 60(b), which apply to motions for reconsideration of final appealable orders and relief from judgment." *Evanston Ins. Co. v. Venture Point, LLC*, No. 20-CV-1783-KJD-EJY, 2021 WL 5500486, at *1 (D. Nev. Nov. 23, 2021).

"A district court may grant a Rule 59(e) motion if it 'is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law.'" *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (internal quotation marks omitted) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc)) (emphasis in original). "Clear error or manifest injustice occurs when the 'reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed.'" *Young v. Wolfe*, CV 07-03190 RSWL-AJWx, 2017 WL 2798497, at *5 (C.D. Cal. June 27, 2017) (quoting *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013)). The "Ninth Circuit has explained the clear error standard[:] 'To be clearly erroneous, a decision must strike us as more than just maybe or probably wrong; it must, as one member of this court recently stated during oral argument, strike us as wrong with the force of a five-week old, unrefrigerated dead fish.'" *Stanislaus Food Prod. Co. v. USS-POSCO Indus.*, No. 1:09-CV-00560-LJO, 2012 WL 6160468, at *3 n.2 (E.D. Cal. Dec. 11, 2012) (quoting *Fisher v. Roe*, 263 F.3d 906, 912 (9th Cir. 2001), *overruled on other grounds by Payton v. Woodford*, 346 F.3d 1204 (9th Cir. 2002)).

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Ultimately, whether to grant or deny a motion for reconsideration is in the "sound discretion" of the district court. *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enters.*, 229 F.3d at 883). A party may not raise new arguments or present new evidence if it could have reasonably raised them earlier. *Kona Enters.*, 229 F.3d at 890 (citing *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

Only three claims were dismissed with prejudice in the Court's Order: malicious prosecution as to Garcia, Norie, Al-Mosawi, Velasquez, Vargas, Pauu, Quezada, and John Doe 1; intentional infliction of emotional distress as to Jane Doe 1; and negligent infliction of emotional distress as to Jane Doe I. Order at 47–48. Plaintiff does not raise any new evidence or present any evidence of clear error. *See Haywood v. San Diego Sheriff*, No. 19-CV-1784-MMA (RBB), 2019 WL 5086580, at *1 (S.D. Cal. Oct. 10, 2019) ("Petitioner fails to present the Court with new evidence, demonstrate that the Court committed clear error, or point the Court to a change in law. Rather, Petitioner merely disagrees with the Court's order and restates her previous claims. Such argument is insufficient to meet the heavy burden required by Rule 59(e)."). Further, Plaintiff has not raised any new arguments that would justify reconsideration in this matter. *See FTC v. Neovi, Inc.*, No. 06-CV-1952-JLS JMA, 2009 WL 56130, at *2 (S.D. Cal. Jan. 7, 2009) ("A motion for reconsideration is not an opportunity to renew arguments considered and rejected by the court, nor is it an opportunity for a party to re-argue a motion because it is dissatisfied with the original outcome." (quoting *Devinsky v. Kingsford*, No. 05 Civ.2064(PAC), 2008 WL 2704338, at *2 (S.D.N.Y. 2008), *aff'd*, 604 F.3d 1150 (9th Cir. 2010)).

The Court considered all allegations contained in the FAC and as noted in its Order, considered those allegations to be true. Furthermore, the Court applied the appropriate legal standards as to Plaintiff's claims and did not commit clear error. Therefore, Plaintiff's Motion for Reconsideration is **DENIED**.

Plaintiff also details difficulties meeting Court deadlines due to his housing situation. Mot. at 1–3. The Court construes the request for a stay as a request for an extension of the current August 31, 2026, deadline to alert the Court as to Plaintiff's choice whether to serve or further amend his Complaint. Therefore, the Court **EXTENDS** Plaintiff's deadline. Plaintiff has until **September 14, 2026**, to alert the Court of his decision. Plaintiff can either (1) choose to serve the eleven remaining claims (listed at page 49 of the Court's Order) or (2) further amend his Complaint. If Plaintiff chooses to serve, the U.S. Marshals will conduct service, and the case will move forward with his remaining claims. If Plaintiff

chooses to further amend, the Court will need to conduct another round of screening—delaying service further.

**IT IS SO ORDERED.**

Dated: August 13, 2026

Janis L. Sammartino
Hon. Janis L. Sammartino
United States District Judge